■ NEW YORK PLUMBER'S SPECIALTIES Co., INC., Respondent, v 91 EAST END CORPORATION, Appellant,—et al., Defendants. Judgment, Supreme Court, Bronx County, entered on June 11, 1974, after a nonjury trial, insofar as appealed from, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The first cause of action seeks recovery from the owner of a multistory building under construction for plumbing and heating materials supplied thereto and incorporated therein. The first cause of action also pleads a guarantee executed by appellant, upon the strength of which credit was extended to it. Although the guarantee was imperfectly drawn since, in form, it promises payment of appellant's own indebtedness, the evidence adduced at the trial supports the court's finding "that the weight of the credible evidence fully substantiates [plaintiff's] claim against [appellant]." Plaintiff acknowledged receipt of appellant's request for the establishment of a charge account and, after appellant submitted the requested "guarantee", wrote appellant confirming "that an account for your firm has been established". Thereafter, plaintiff's books and records clearly reflected the fact that appellant was considered the primary obligor. The incorrectly drawn guarantee should not serve to free appellant from an obligation which the record discloses was properly charged to it. Concur—Murphy and Nunez, JJ.; Capozzoli, J., concurs in the result only; Stevens, P. J., and Birns, J., dissent in the following memorandum by Birns, J. I dissent and would reverse the judgment appealed from and dismiss the complaint. The complaint sets forth four causes of action. In addition, the defendants cross-claimed against each other. Only the first cause of action is the subject of this appeal. It alleges that the owner is indebted to the plaintiff for goods sold and delivered to the owner and upon the owner's written "guaranty" to the plaintiff, a copy of which is annexed to the complaint as Exhibit B. Plaintiff's bill of particulars refers to said Exhibit B attached to the complaint as the "written guarantee" herein. Said "guarantee" executed by the owner is not a guarantee, as it is not a collateral agreement for the performance of *another's* undertaking (Black's Law Dictionary [4th ed]). The afore-mentioned writing is no more than a promise by the owner to pay its *own* indebtedness. It is not a promise to pay the contractor's indebtedness. The language of the document is clear and unambiguous and gives rise to no different construction. Nor does the evidence at trial establish the existence of any contract, express or implied, between the plaintiff and the owner for the sale and delivery of material to the owner. Except for two heaters, the purchase of which the owner authorized (a minor part of the plaintiff's transactions herein), the owner did not order, authorize, or approve the purchase of any items from the plaintiff. Additionally, the owner had previously written to the plaintiff that no supplies for the owner should be given by the plaintiff without a purchase order signed by the owner. The record does not disclose that any such purchase orders were signed by the owner for the material in question. Under the circumstances, no responsibility can be imputed to the owner under the language or theory of the first cause of action or from the evidence relative thereto adduced at the trial. The judgment rendered in favor of the plaintiff against the appellant-owner on said first cause of action should be vacated and said cause of action should be dismissed. This appeal, of course, is not dispositive of the rights and obligations of the defendants to each other, as embodied in the agreement between themselves wherein the

owner "voluntarilly *[sic]* guaranteed payment for materials supplied to this job with New York Plumber's Specialties Co., Inc." The owner properly objected to the introduction of this agreement into evidence, but the court overruled the objection. Had the plaintiff's first cause of action pleaded this latter "guarantee" as a basis or one of the bases for the plaintiff's claim against the owner, the plaintiff may perhaps have been able to proceed thereon against the owner in this action on the theory of "third-person beneficiary." Said agreement not having been pleaded by the plaintiff, it remains only a matter of exploration as to the cross claims between the owner and the contractor.